UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE BOARD OF ADMINISTRATION
OF THE DETROIT TOOLING
ASSOCIATION—UAW RETIREMENT
INCOME PLAN, and THE DETROIT
TOOLING ASSOCIATION—UAW
RETIREMENT INCOME PLAN,
DETROIT TOOLING ASSOCIATION,
ON BEHALF OF ITSELF, ITS SUCCESSORS,
AND ITS MEMBERS,

    Plaintiffs,

v.

THE INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENTS WORKERS
OF AMERICA,

    Defendant.
_____/

Case No. 2:13-cv-14528

U.S. District Judge
Robert H. Cleland

## JUDGMENT

## AND  INJUNCTION

Upon the Plaintiffs' Motion for Summary Judgment and Injunctive Relief, and review of the proposed Judgment and Injunction that will fully resolve the pending action, and the record before the Court, and pursuant to Fed.R.Civ.P. 56 and 65(d)(1), the Court orders as follows.

1.    This Court has jurisdiction pursuant to 29 USC § 1001, *et seq.*, and 28 USC §§ 1331 and 1337, and venue is proper pursuant to 29 USC § 1132(e)(2).

2. This matter arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 USC § 1001, *et seq*. This action was brought pursuant to 29 USC § 1132(a)(1) for appropriate equitable relief, to declare and clarify the rights of former participants and their beneficiaries to excess assets in the Detroit Tooling Association – UAW Retirement Income Plan (the "DTA Plan"), pursuant to 29 USC § 1132(a)(3). The DTA plan currently has $1,989,912.34 dollars in excess assets as of August 31, 2015.

3. Plaintiffs seek, with Court approval, to distribute these excess assets to participants and certain surviving spouses and to terminate the plan. Neither the plan, nor federal statutory law, contemplated this event. Federal statutes, particularly, ERISA, 29 U.S.C. §1001 *et seq*., do not specifically provide for the distribution of excess assets to participants and surviving spouses of a multi-employer pension plan.

4. As a result, Plaintiffs request declaratory and other relief under ERISA to permit the equitable distribution to identified participants and surviving spouses of the net excess assets. Plaintiffs do not seek to retain any excess assets, except sufficient funds to pay expenses, and for tail insurance, and seek, with Court approval, to create a mechanism for appropriate distribution of all net excess plan assets to identified plan participants and surviving spouses and to cease plan operation.

## FINDINGS OF FACTS

5. Plaintiffs are the **(1)** Detroit Tooling Association-UAW Retirement Income Plan (the "DTA Pension Plan"), a multi-employer pension plan, and **(2)** Board of Administration of the DTA Pension Plan ("Board"), and **(3)** the Detroit Tooling Association ("Association"), the employer association whose members sponsored and funded the DTA Pension Plan and who bargained with defendant UAW.

The Board of Administration is the administrator of the DTA Plan pursuant to 29 USC § 1002(16) and is a fiduciary of the DTA Plan pursuant to 29 USC § 1002(21)(A). The Board consists of an equal number of labor and management trustees.

6. Defendant UAW is a voluntary unincorporated labor organization which, among other things, had served as the collective bargaining representative of employees with various employers and had been a party to collective bargaining agreements governing employer-members of the Detroit Tooling Association requiring those employer-members to make contributions, on behalf of union-represented employees, to the DTA Plan. These CBAs were in effect from sometime around 1950 until the 1980s.

7. The DTA Plan is a multi-employer pension plan. The DTA Plan holds the funds in this multi-employer pension plan in trust for the participants and beneficiaries. The DTA Plan came into existence effective August 1, 1950.

8. The DTA Plan was terminated in 1980. All benefits have been paid as required pursuant to the terms of the DTA Plan. In January of 1982, the Board of Administration sent a memorandum to all participants in the DTA Plan, informing them of the procedures that would take place for the allocation of the residual assets in the Trust. January 31, 1992, was set as the residual date for purposes of allocation (the "Residual Date").

9. The DTA Plan is an overfunded multi-employer pension plan that has paid all benefits to beneficiaries who are entitled to receive such benefits and, as of August 31, 2015, has $1,989,912.34 in its trust fund not payable to any individuals or entities pursuant to the explicit terms of the DTA Plan (the "Excess Assets").

10. The DTA Plan and its Trust Agreement do not address a process for distribution of Excess Assets following the distribution of all accrued benefits. As a result, the Trust Agreement does not contain provisions for allocation or distribution of the Excess Assets under the current circumstances.

11. The Board of Administration and the DTA Plan has taken steps to administer and terminate the DTA Plan, except for disposition of the Excess Assets.

12. Neither the Detroit Tooling Association, and its successors and assigns, nor UAW claim the Excess Assets.

13. The Secretary of Labor and the Secretary of the Treasury were both served with a copy of the Complaint in this matter on November 6, 2013, pursuant to 29 U.S.C. Section 1132 (h). *See,* Doc. # 9. Neither the Department of Labor nor the Department of the Treasury have filed an appearance, or otherwise participated in this litigation.

## PERMANENT INJUNCTION AND JUDGMENT

Accordingly, based on the Court's findings set forth above:

14. **IT IS ORDERED AND ADJUGED** that under this Court's equitable jurisdiction and power, this Court enters a judgment and injunctive relief to authorize an amendment to the Trust Agreement and the DTA Plan to allow for an equitable distribution of the Excess Assets to participants and surviving spouses, as follows.

    i. That the Board of Administration of the DTA Plan may purchase an insurance policy for fiduciary liability coverage for the Board, with the purchased coverage not to exceed seven-years in duration (including tail coverage) and not to exceed $1,000,000 in coverage amount;

    ii. That the Board of Administration of the DTA Plan shall set aside the sum of $125,000 from the Excess Assets for payment of reasonable fees and expenses relating to the Plan termination, including but not limited to the preparation and filing of necessary

5

forms with the Internal Revenue Service, the Department of Labor, or any other governmental entity, and including any tasks necessary to comply with tax withholding obligations and any other government obligations related to the distribution of the Excess Assets, and for storage of records of the DTA Plan up through December 31, 2022, after which those records can be destroyed;

    iii. That payment of all bills and expenses for the DTA Plan, including reasonable attorneys' fees and costs, incurred up to and including the date of the final termination of the DTA Plan pursuant to the permanent injunction and judgment, shall be paid from the Excess Assets;

    iv. That the term "Participant" shall be deemed to be those individuals listed on Exhibit A to the Termination Amendment;

    v. That, within 90 days of the date of entry of this Permanent Injunction and Judgment, the net Excess Assets, following the payments described in paragraphs i-iv, above, shall be divided equally among the Participants who were alive as of January 31, 1992, the Residual Date, and the surviving spouse of any such Participant who died after January 31, 1992, who have identified themselves in relationship to the mailings that were sent to all known Participants of the DTA Plan;

    vi. That any net Excess Assets of the DTA Plan that remain, after making all of the payments described in paragraphs i-v above, **(1)** if totaling more than $30,000, shall be distributed in a second distribution; or **(2)** if totaling $30,000 or less, shall be paid in one lump sum to the VFW National Home for Children, 3573 South Waverly Road Eaton Rapids, MI 48827, a public charity qualified under 26 USC §501 (c)(3).

15. Upon payment of the net Excess Assets in compliance with paragraph 14, the DTA Pension Plan will cease to exist and any claim or entitlement of any person or entity, including any DTA Pension Plan participant or beneficiary and any heir, successor or assign of any participant or beneficiary, regarding a claim

6

for any portion of the net Excess Assets shall be extinguished, and the Board of Administration shall have no liability in connection with the distribution of the net Excess Assets in compliance with this Judgment and Injunction.

16.  **IT IS FURTHER ORDERED** that this permanent injunction and judgment fully resolves the lawsuit. The Court retains jurisdiction for the purposes of enforcing this judgment and injunction.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 10, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 10, 2015, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522